# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4821 | **DATE** | 10/22/2010 |
| **CASE TITLE** | Norman P. Lupescu vs. Janet Napolitano | | |

**DOCKET ENTRY TEXT**

The parties are advised as follows.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant's Response to Plaintiff's Supplemental Briefing in Opposition to Defendant's *Motion in Limine* is exactly right in pointing out that plaintiff has utterly failed to establish the basic elements required for comparator evidence. The court's entire purpose in giving the parties an opportunity to file supplemental motions *in limine* was to elicit the required evidence. Instead of giving the court what it must have to rule on the admissibility of plaintiff's evidence, plaintiff gives the court platitudes about the importance of admitting relevant evidence and the consequences of refusing to admit evidence that should be admitted.

Seventh Circuit law makes clear that before comparator evidence can be considered, a plaintiff must show that "'the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" *Weber v. Universities Research Association, Inc.*, ___ F.3d ___, 2010 WL 3431629, at *5 (7th Cir. Sept. 2, 2010) (sources and emphasis omitted). *See also Dear v. Shinseki*, 578 F.3d 605, 610 (7th Cir. 2009). ("In deciding whether someone is comparable . . . , we consider all relevant factors, including whether the employee (1) held the same job description; (2) was subject to the same standards; (3) was subordinate to the same supervisor; and (4) had comparable experience, education, and other qualifications. . . . It is the plaintiff's burden to put forth evidence of employees outside of the protected class who might have been treated differently . . . .")

The fact that the court allowed plaintiff to discover certain information concerning individuals in different job classifications does not mean that the court has made any finding concerning those individuals' similarity for purposes of the admissibility of comparator evidence. The standards for discovery, as plaintiff should well know, are looser and broader than those governing admissibility. The purpose of allowing this discovery was simply to allow plaintiff to discover whether there was in fact a basis for comparability. The court did not, in allowing for this discovery, find that there was such a basis.

# STATEMENT

The court is well aware that a ruling barring all of plaintiff's comparator evidence may well doom plaintiff's case. But as trial approaches and plaintiff repeatedly fails to give the court a basis for ruling any of this evidence admissible, the conclusion that plaintiff cannot make the required case is hard to avoid. Plaintiff will have one final opportunity at the oral argument scheduled for Monday, October 25, to carry the burden the Seventh Circuit places upon him. If he fails, his putative comparator evidence will be excluded.

Defendant further contends that she does not yet know the names of the "four or five other TSA employees" who were allegedly terminated after complaining of sexual harassment. How the parties could reach the eve of trial without the identity and stories of these witnesses being well known to both sides is difficult to understand. One thing, however, is certain: the court does not have enough information about these individuals to know whether or not they should be able to testify. If plaintiff can establish, as he claims, that virtually everyone who complained was terminated, such evidence may well be admissible, assuming that the complaints, the timing, and the supervisor who made the termination decision are similar. But none of this evidence will be admissible unless, before the start of trial, the court has made a finding that it is relevant and admissible. Plaintiff should plan to make these matters clear at the hearing on October 25th.

The purpose of motions *in limine* is to allow the court to decide such difficult and complex matters sufficiently in advance of trial to give the court time to deliberate and the parties notice of the ruling. The purpose of allowing plaintiff a second opportunity to provide the needed information, 10 days in advance of trial, was to avoid dooming a lawsuit because of plaintiff's failure to understand his obligations. At this point, trial is upon us and the potential burden on the court and on defense counsel is enormous. Plaintiff's last chance to make clear what evidence of comparators and other discrimination incidents he plans to introduce is Monday, October 25th. Whether the court will allow such evidence at this late date remains to be determined.

Were this a question of the admissibility of evidence of one possible comparator or two, the court could defer ruling until the midst of trial. *See, e.g., Miller v. Love's Travel Stops & Country Stores, Inc.*, 2008 WL 2079961 (W.D. Okla. May 9, 2008). In this case, however, as in many others, the determination of the admissibility of this evidence will shape the scope of the entire trial and is appropriately decided as a matter *in limine. See, e.g., Keene v. Sears, Roebuck & Co., Inc.*, 2007 WL 2572366, at *2 (D.N.J. Sept. 4, 2007); *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp.2d 919, 934-35 (N.D. Ill. 2005). *See also Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 382-88 (2008) (vacating and remanding a Tenth Circuit ruling that the district court's decision *in limine* to exclude comparator evidence was erroneous, and noting in addition that such issues are intensively fact-based and thus subject to Rules of Evidence 401 and 403).