Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4821 | **DATE** | 12/23/2010 |
| **CASE TITLE** | Lupescu vs. Napolitano | | |

**DOCKET ENTRY TEXT**

The defendant's motion *in limine* to question plaintiff on mitigation of damages [145] is granted in part. The plaintiff's motion to reconsider order on defendant's motion *in limine* [143] is granted. The plaintiff's motion for extension of time to respond to defendant's motion *in limine* to exclude Maiysha Howard [159] is granted, although the court notes that this motion raises difficulties and threatens to prejudice both the defendant and the court. The court will consider the outstanding issue raised by the defendant's motion *in limine* to exclude Maiysha Howard and certain exhibits [153] on the first day of trial (January 3). It does not appear that the defendant has included Howard's entire job application (the court was not able to locate either a date or Howard's signature). The defendant is directed to provide Howard's application, in its entirety, to the court as soon as possible.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant's Motion *In Limine* to Question Plaintiff on Mitigation of Damages

On Oct. 13, 2010, this court ruled that the defendant may elicit testimony about the fact that Lupescu obtained a job after his termination from the Transportation Security Administration ("TSA") and how long he was employed in that job, but may not go into the reasons why that position ended. Although the defendant filed the instant motion as a motion *in limine*, the defendant is essentially asking the court to reconsider this order.

The court finds mitigation evidence relevant. In order to mitigate any damages, Lupescu was required to exercise "reasonable diligence in finding other suitable employment." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982). "A plaintiff who voluntarily quits comparable interim employment fails to exercise reasonable diligence." *United States v. City of Chi.*, 853 F.2d 572, 579 (7th Cir. 1988) (*citing Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1277 (4th Cir. 1985)). It logically follows that a plaintiff who is discharged for misconduct from comparable, interim employment also fails to exercise reasonable diligence. *Brady*, 753 F.2d at 1278; *see Dreger v. Mid-America Club*, No. 95 C 4490, 1998 WL 102927, at *3 (N.D. Ill. Mar. 5, 1998) ("[W]hen a plaintiff acts imprudently and quits or causes himself to be fired due to his own misconduct, the court will exclude from any claim for back pay the amount that the plaintiff would have earned had he not acted imprudently.") Given this, the court will grant in part the defendant's motion *in limine* to question plaintiff on mitigation of damages. The defendant may elicit testimony about why Lupescu's post-TSA job ended. In addition, the plaintiff may elicit testimony to show that Lupescu's termination from his post-TSA job was not the result of his failing to "act reasonably and responsibly in accordance with employer rules." *Brady*, 753 F.2d at 1277.

What remains to be determined, however, is whether this testimony shall be put on before the court or

before the jury. It appears that, based on *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495 (7th Cir. 2000), issues of back pay and front pay are for the judge, not the jury. *See Kaplan v. City of Chi.*, No. 99 C 1758, 2005 WL 1026574, at *4 (N.D. Ill. Apr. 22, 2005) (*citing Pals*, 220 F.3d at 500-01, and holding, "As a matter of law, back pay and front pay awards under Title VII are equitable issues for the judge's determination[] rather than the jury.") This would logically include the issue of mitigation. If this is indeed the law, as it appears to be, the court will schedule a back pay and front pay hearing if the jury returns a verdict of liability. If the parties dispute that this is the law, the parties should bring authorities with them on the morning of January 3rd and be prepared to argue the issue.

Plaintiff's Motion to Reconsider Order (Doc. 142) on Defendant's Motion *In Limine* (Doc. 78)

On October 27, 2010, this court granted the defendant's motion *in limine* (Doc. 78) insofar as it sought to exclude Chanel Maloney as a witness. As Lupescu correctly recalled, the court "considered the time lapse between Chanel Maloney's complaint and her termination [(7 months)] to be too long to suggest an inference of retaliation." (Pl.'s Mot. To Reconsider at 1.) During oral argument on the defendant's motion *in limine*, Lupescu said there was Seventh Circuit case law supporting its argument that the time lapse was not too long, but Lupescu could not recall the case names. Lupescu now proffers those cases and asks the court to reconsider this order. *See Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 n.6 (7th Cir. 1996) (noting in dicta, "If the plaintiff has evidence from which one may reasonably infer that her former employer waited in the weeds for five or ten years and then retaliated against her for filing an EEOC charge, we see no difficulty with allowing the case to go forward"); *see also Lang v. Ill. Dep't of Children's & Family Servs.*, 361 F.3d 416, 421 (7th Cir. 2004) (holding that Lang "presented enough circumstantial evidence of a causal link between his protected activity and DCFS's actions to survive summary judgment," although Lang was terminated eleven months after he complained about discrimination.); *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1010 (7th Cir. 2000) ("[T]he fact that a year passed between Ms. Paluck's protected expression and her termination does not mean that she cannot prove that retaliaton caused her discharge; instead, it means that the timing of her discharge, in itself, does not support an inference of retaliation, and she must come forward with other evidence."); *Bellaver v Quanex Corp.*, 200 F.3d 485, 493 (7th Cir. 2000) ("[H]ere, when the evidence of [the supervisor's] motive came within three to four months of the decision to discharge her, a jury could view the discharge as the culmination of a continuous attempt to get rid of Bellaver.") The court now grants Lupescu's request.

The TSA makes much of its argument that suspicious timing alone is not enough to prove retaliation. *See Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002) ("[M]ere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue.") However, Maloney's case involves additional evidence that lends itself to the inference that she was retaliated against. As in *Lang*, 361 F.3d 416, in which the Seventh Circuit held that an eleven-month time lapse between his complaint and termination was not too long to defeat the inference of retaliation, Maloney claims that she was wrongfully accused of attendance and other violations and was subjected to increased discipline immediately after she complained. *See id.* at 421 ("[t]aken together, the extremely short lapse of time between Lang's complaints and the increased discipline he faced, the baseless attendance violations, evidence that [his supervisor] was holding him to unrealistic standards, and his previous five-year flawless employment record raise the inference of causation.") Accordingly, the TSA's reliance on cases in which the plaintiff's only credible evidence of retaliation was suspicious timing is misplaced.

The TSA further argues that Maloney was written up three times before she complained of sexual harassment such that the timing of her complaint and her termination does not raise the inference of retaliation. However, the TSA does not offer any evidence to substantiate this claim. (Def.'s Resp. at 2.)

The TSA also argues that Maloney's testimony should be excluded because her case is tangential to

## STATEMENT

Lupescu's and the cases cited by the TSA address "a plaintiff's own protected activity and subsequent adverse employment action," not that of a witness. (Def.'s Resp. at 4.) These arguments are unpersuasive. Maloney's testimony is relevant to motive. The cases show that the seven-month time lapse between Maloney's complaint and her termination is not so long that it defeats the inference of retaliation given the other evidence that suggests as much in her case. It is no matter that Maloney is not the plaintiff here.

Lastly, the TSA makes several arguments that the court already considered and dismissed in deciding prior motions *in limine*. To the extent the TSA raises such arguments, the court stands on its prior rulings as it continues to find these arguments unpersuasive. (*See* Def.'s Resp. at 1-2, 4-6 (arguing that Lupescu seeks to introduce impermissible Rule 404(b) evidence and that testimony from Maloney, Howard, and Ramos is irrelevant and should also be excluded because its probative value is outweighed by the danger of unfair prejudice.))

Given the foregoing, Lupescu's motion to reconsider is granted. Lupescu may call Chanel Maloney as a witness.