# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORMAN P. LUPESCU, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 4821 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| JANET NAPOLITANO, Secretary, United ) | |
| States Department of Homeland Security, ) | |
| Transportation Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Before the court are the parties' outstanding motions *in limine*. The court presumes familiarity with the facts. For a description of the underlying facts, see the court's prior opinions. *See*, *e.g.*, *Lupescu v. Napolitano*, 700 F. Supp. 2d 962 (N.D. Ill. 2010).

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). The court has broad discretion to rule on evidentiary questions raised in motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Nevertheless, a court should grant a motion *in limine* excluding evidence only when the movant shows that the evidence "is inadmissible on all potential grounds." *CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 591, 597 (N.D. Ill. 2009) (citing *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003), and *Robenhorst v. Dematic Corp.*, No. 05 C 3192, 2008 WL 1821519, at *3 (N.D. Ill. Apr. 22, 2008)). "'[E]videntiary rulings should [ordinarily] be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in

proper context.'" *Id.* (quoting *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Rulings on motions *in limine* are preliminary; "the district court may adjust a motion *in limine* during the course of a trial." *Farfaras v. Citizens Bank and Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006) (citing *Luce*, 469 U.S. at 41-42); *Luce*, 469 U.S. at 41-42 ("[A] ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.") Accordingly, the parties may renew their objections at trial as appropriate.

## I. ANALYSIS

### A. **Defendant's Motion *In Limine* to Exclude Partial Jury Instructions or Misstatements of the Law**

The TSA moves *in limine* to bar partial jury instructions and misstatements of the law, arguing that Lupescu misstated the law and used cherry-picked quotes from jury instructions in his closing argument for the last trial. In particular, the TSA complains that, at the last trial, Lupescu argued that: (1) $300,000 would be a mid-range compensatory damages award, (2) he only needed to show that one similarly situated non-white employee was treated better than he was, (3) the length of time he has spent pursuing his claim indicates that the TSA is indeed liable. Lupescu responds that this is a dispute about jury instructions that cannot be decided upon a motion *in limine*. The court disagrees; in many instances, parties need such rulings in order to know what evidence to present. The court also agrees that showing the jury partial jury instructions is generally unhelpful and misleading.

However, the relief requested – a blanket ruling excluding partial jury instructions and misstatements of the law – is too general and vague. *See Abbott Labs. v. Sandoz, Inc.*, 743 F.

Supp. 2d 762, 782 (N.D. Ill. 2010) (denying broad motion *in limine* that did not seek to exclude any specific testimony or evidence); *United States v. Messino*, 873 F. Supp. 1177, 1188 (N.D. Ill. 1995) ("defendant's motion is too vague to warrant a ruling that all incidents fitting into defendant's description should be excluded."). The TSA may not escape its obligation to object at trial and chill Lupescu's presentation of his case via broad *in limine* rulings. Indeed, the court would be far better equipped to rule on whether a given argument is a misstatement of the law or is misleading at trial, in context. Accordingly, the motion is denied except insofar as Lupescu is barred from describing $300,000 in damages as "mid-range." He may, however, ask for the damages he thinks he deserves. The court will apply the statutorily-required cap. Further, Lupescu should request court permission before he uses partial jury instructions to avoid extended argument on this issue during closing argument. To this limited extent, the motion is granted.

B.  **Defendant's Motion *In Limine* to Exclude Evidence Regarding Lupescu's Request for Reinstatement**

The TSA also moves *in limine* to bar Lupescu from "introducing any testimony, evidence or argument relating to [Lupescu's] request for reinstatement," arguing that Lupescu only requested reinstatement in a settlement demand and settlement negotiations are inadmissible. (TSA's Mot. *In Limine* Regarding Reinstatement at 1.) Lupescu flatly denies that the parties ever entered into settlement negotiations, and responds that his testimony that he wishes to be reinstated is relevant to prove his damages.

Insofar as Lupescu argues that he has to testify that he desires reinstatement so that the court can order it if he wins, the argument is absurd. If Lupescu wins and the court has to decide whether or not he should be reinstated, it will take testimony on the issue. That rationale for this evidence is rejected. In addition, the rules plainly provide that a plaintiff may not discuss

settlement negotiations, or settlement proposals. *See Raybestos Prods. Co. v. Younger*, 54 F.3d 1234, 1241 (7th Cir. 1995) ("Rule 408 renders inadmissible evidence of statements made in compromise negotiations if offered as an admission of the validity or invalidity of the claim or its amount under negotiation.") On that score, everyone should be in agreement.

The court has no recollection that plaintiff "asserted repeatedly that he requested reinstatement and that the TSA refused to reinstate him." What the court recalls is that Lupescu testified that in the period when he was being separated from his job he made clear that he wanted to work; further, he testified that the job he lost was the job of his dreams and he would like it back. The court sees no problem with this testimony insofar as it is tied to Lupescu's damages stemming from the loss of his job. If he makes the same claim "repeatedly," the TSA should object that his testimony is cumulative.

The motion is denied.

**C.    Defendant's Motion *In Limine* to Exclude Evidence of Retaliation**

In addition, the TSA moves *in limine* to bar Lupescu from mentioning alleged retaliation by the TSA pursuant to Federal Rules of Evidence 401 and 403, arguing that alleged retaliation is irrelevant and would cause jury confusion, prejudice, and a waste of time. Lupescu responds that the TSA's motion is too vague to merit a ruling.

The court agrees with the TSA's motion in principle: evidence or mention of Lupescu's retaliation claim, which was already decided by the jury, should not enter into this trial. Nevertheless, Lupescu is correct that the breadth and generality of the motion, coupled with the factual overlap of Lupescu's claims, leaves the court with nothing to rule on. The only specific evidence the TSA discusses is Kevin Laurent's disciplinary history. However, the TSA fails to give the court so much as an exhibit number so that the exhibit can be located. The TSA simply

mentions that evidence; it does not discuss the evidence, say anything that would refresh the court's recollection concerning it and makes no legal argument concerning it. Lupescu argues in response that Laurent's disciplinary history is relevant to the issue of whether African-American employees were treated differently from Caucasian employees in the context of discipline.

The motion is too vague to be ruled upon and is denied except insofar as: (1) Laurent's disciplinary file is excluded on the grounds that he is not a proper comparator, and (2) the TSA may not prove that a prior jury rejected Lupescu's retaliation claim. (See Def.'s Reply at 2, ¶3.) Based on Federal Rule of Evidence 403, the prior jury verdict is not admissible in this trial. Lupescu may move to reconsider this ruling at trial as appropriate.

**D.**     **Plaintiff's Motion *In Limine* #4 Regarding Alleged Incident at Christmas Party**

For his first motion *in limine*, Lupescu seeks to bar the TSA from presenting evidence or testimony of Lupescu's allegedly inappropriate behavior at a non-TSA Christmas party or other non-TSA event as irrelevant double hearsay that is more prejudicial than probative under Federal Rules of Evidence 402, 403, 201, and 802. The TSA responds that Lupescu admitted to exposing himself at the Christmas party at issue and, therefore, the testimony is admissible as a party admission. The TSA asserts that Lupescu's conduct during the time he was employed by the TSA at an event he attended with other TSA employees is relevant. In reply, Lupescu flatly denies that he admitted as much.

It is perhaps an interesting commentary on judges' versus lawyers' focus that the parties are discussing an incident of trial testimony without providing the court with a transcript, apparently believing that the details of this trial, which must loom very large in the lawyers' minds, loom equally large in the mind of the judge, who has tried many cases since this one. First of all, perhaps suggesting that the lawyers' recollections are not as great as they believe

they are, the parties are in disagreement as to what the testimony was. Second, they argue as to whether the evidence was properly admitted. Third, without a very detailed account of exactly what the testimony will be, the court can hardly rule in advance that it is or is not relevant to the issues in this trial.

The motion is denied. It can be renewed if and when a transcript is provided. Or the issue can be dealt with by means of a contemporaneous objection at trial.

E.     **Plaintiff's Motion *In Limine* #5 Regarding Unrelated Employment**

For his second motion *in limine*, Lupescu seeks to exclude evidence, testimony, and argument regarding any disciplinary actions by any of Lupescu's other employers as irrelevant and more prejudicial than probative under Federal Rules of Evidence 401, 402, and 403. The TSA responds that evidence regarding disciplinary actions by non-TSA employers is relevant to the jury's determination of whether Lupescu suffered a loss of reputation or employment opportunities or properly mitigated his damages.

It is impossible to tell from the TSA's response what if any evidence on this subject the TSA plans to offer. Moreover, while the parties' submissions leave this issue in doubt, the court believes it ruled on this issue in advance of the first trial. The TSA's unhappiness with a jury instruction in one trial is hardly a good argument for a decision on the admissibility of evidence in another trial.

The motion *in limine* is granted. If the TSA has evidence it wants to offer, it should submit it to the court outside the presence of the jury. The court will not rule on this question with a great deal more specificity than the parties have provided.

### F. Plaintiff's Motion *In Limine* #6 Regarding Other Claims

For his sixth motion *in limine*, Lupescu seeks to bar reference to lawsuits, administrative charges, and worker's compensation claims filed by or against him. Lupescu also seeks to bar reference to any settlements obtained from those proceedings. Lupescu argues that the aforementioned topics are irrelevant and more prejudicial than probative under Federal Rule of Evidence 403. The TSA responds that such evidence may be relevant to the jury's determination of whether Lupescu suffered a loss of reputation to the extent that Lupescu has developed a litigious reputation.

The parties outdo themselves on this one. "Federal district judges are busy people and they get irritated when lawyers waste their time . . . ." *Cooper v. Casey*, 97 F.3d 914, 919 (7th Cir. 1996). Lupescu is remarkably unspecific (except for one reference to a workman's compensation claim). The TSA contends it doesn't know what Lupescu is talking about, but argues vociferously that if any other claims are relevant, they are proper topics for examination.

The motion is denied. The court cannot rule on ghosts and other figments of the parties' imaginations. The motion is inadequately framed, as is the response.

### G. Plaintiff's Motion *In Limine* #7 Regarding Claims of Prejudice

Lupescu seeks to exclude the testimony of TSA employee Theresa Sims, who apparently testified in a deposition that Lupescu was a bigot, as irrelevant and more prejudicial than probative under Federal Rules of Evidence 401, 402, and 403. Lupescu also seeks to exclude as irrelevant other evidence that he is prejudiced against African-Americans. The TSA argues that Sims' opinion that Lupescu was a bigot is based on her personal knowledge. The court does not doubt that Sims' testimony is based on her personal knowledge, but has no idea what, if anything, this has to do with the issue at hand.

In reply, Lupescu tells the court that the TSA has previously agreed not to elicit this testimony. If the TSA filed its completely inadequate response because it was aggravated at Lupescu's flood of superficially-argued motions *in limine*, its position is understandable, but its response has added insult to injury by creating more work for the court.

The motion is granted. The TSA's response – that Sims' opinion that Lupescu is a bigot is based on personal knowledge – provides no reason for the admission of this testimony.

### H. Plaintiff's Motion *In Limine* #8 Regarding Tort Reform

For his eighth motion *in limine*, Lupescu seeks to bar the TSA from making "tort-reform" arguments, including references to the McDonald's spilled-coffee case or the *Barton v. METRA* case, references to "any type of get rich scheme, lottery, lotto, gamble, jackpot, give-away program, and the like, [and] any references that awarding [Lupescu] damages would cause taxes to rise or place a burden upon the public." Lupescu argues that the foregoing arguments should be excluded as unduly prejudicial, confusing, and a waste of time under Federal Rule of Evidence 403. The TSA responds that it will not refer to cases such as the McDonald's or *Barton* case. However, the TSA notes that: (1) it should be allowed to argue that Lupescu is inappropriately attempting to reap a benefit if the evidence supports such an argument, and (2) any damages would indeed be paid with tax dollars.

This motion is in some respects ridiculous, such as where it asks for a ruling barring the TSA from injecting political issues such as tort reform into this trial (what basis is there for believing that the TSA's counsel will make such an unprofessional argument), and in some respects overbroad, where it seeks to bar the TSA from any argument that could cause the jury to feel sympathy for the TSA or to believe that Lupescu is seeking too much money.

Except insofar as the motion seeks to bar the TSA from mentioning cases such as the McDonalds or *Barton* case (here, the TSA does not disagree with the motion and it is granted), the matters raised in this motion are best addressed by objections at trial and it is to that extent denied.

I.      **Plaintiff's Motion *In Limine* #9 Regarding Unemployment Rate**

For his ninth motion *in limine*, Lupescu moves this court to take judicial notice that the unemployment rate in Illinois is 9%, arguing that Illinois' unemployment rate is above average and is relevant to Lupescu's efforts to mitigate his damages. Alternatively, Lupescu asks the court to take judicial notice of all monthly unemployment rates in Illinois since the TSA terminated Lupescu.

The TSA is correct that the relevant issue for mitigation of damages is whether Lupescu diligently sought employment, not whether he got it. The TSA is also correct that Lupescu is seeking a finding of judicial notice on the current employment rate in Illinois or all monthly rates since April 2003 without providing those monthly unemployment rates so the court and the TSA can review them.

The motion is denied without prejudice. When Lupescu has evidence which he wishes to offer, or to have the court judicially notice, he should submit it to the TSA and see if an agreement can be reached as to its admissibility. Only then, if no agreement can be reached, should this issue be presented to the court.

J.      **Plaintiff's Motion *In Limine* #10 Regarding Alleged Incidents Not Relied Upon for Termination**

For his tenth motion *in limine*, Lupescu seeks to bar incidents in which he was involved upon which the TSA did not rely in terminating him. In particular, Lupescu complains of testimony by another TSA employee that Lupescu followed him and said, "my grandkids have

9

more common sense than you" and "you want a piece of me?" Lupescu argues that this evidence is irrelevant and prejudicial per Federal Rules of Evidence 401 and 403. The TSA responds that, while this incident was not cited in Lupescu's termination letter, the TSA did rely on it (and Lupescu's utterances) in deciding to terminate Lupescu; therefore, the TSA argues, this evidence is relevant. Lupescu replies by attempting to discredit Art Bell, the witness who testified at the first trial that he relied on this incident (and Lupescu's utterances) in deciding to recommend that Lupescu be terminated. However, it is for the factfinder to decide whether witnesses are credible.

Accordingly, the motion is denied. In the first trial, the TSA's evidence was consistent that there were considerations that went into Lupescu's termination which were not explicitly stated in the termination letter. Lupescu's argument that the incident never occurred is cross-examination material, not an issue that can be decided on a motion *in limine*. Lupescu may submit a limiting instruction to the effect that this information is not admitted for the truth of the matter, but only for the TSA's reliance on it, if he wishes.

K. **Plaintiff's Motion *In Limine* #11 Regarding Argument Misstating Plaintiff's Burden of Proof**

For his eleventh motion *in limine*, Lupescu seeks to exclude argument that he has a higher burden of proof than what the law requires. Lupescu complains that the TSA suggested that the jury could not find in his favor unless it found that Art Bell, Jeanne Clark, and Timothy Dirks all discriminated against Lupescu on the basis of race. This motion is reminiscent of the TSA's motion to bar Lupescu from making misstatements of the law.

The court will not micromanage the parties' arguments via a motion *in limine* ruling – even if it were convinced by Lupescu's superficial memorandum that something misleading was argued (which it isn't). What the TSA legitimately argues has a great deal to do with what

Lupescu attempts to prove; it is not possible to reason from the abstract words of an instruction to a ruling on what the parties may or may not argue about the motivation of individual witnesses. Counsel has the responsibility to object if an argument being made is inconsistent with the instructions the court will give, which matter (the instructions) will of course be reconsidered based on the evidence presented at this trial. Accordingly, this motion is denied.

**L.       Plaintiff's Motion *In Limine* #12 Regarding Alleged Post-Termination Acts**

For his twelfth motion *in limine*, Lupescu seeks to bar any acts that the TSA claims he engaged in after the TSA terminated him as irrelevant hearsay that is prejudicial under Federal Rules of Evidence 401, 403, and 802. The TSA responds that Lupescu himself seeks to admit documents regarding post-termination events and, in any event, Lupescu's allegedly unprofessional and uncooperative behavior is relevant to corroborate the TSA's legitimate, non-discriminatory reasons for terminating him.

The court sees no obvious reason why evidence of Lupescu's post-termination conduct is relevant. The motion is granted, subject to reconsideration if the TSA can show that the evidence is relevant.

**M.       Plaintiff's Motion *In Limine* #13 Regarding Records of Conduct**

For his thirteenth motion *in limine*, Lupescu seeks to bar the alleged records of conduct in Defendant's Exhibit No. 3 because it is hearsay, lacks an appropriate foundation, and is irrelevant and should therefore be excluded per Federal Rules of Evidence 801, 802, 103, 104, 401, 402, and 403. The TSA responds by pointing to alleged inadequacies in Lupescu's documentary evidence. In addition, the TSA argues that its Exhibit No. 3 is being offered, not for its truth, but for TSA's reliance upon them as a basis for Lupescu's termination. Thus, the TSA argues, its Exhibit No. 3 is relevant and admissible.

If management relied upon the records of conduct in deciding to terminate Lupescu, it is hard to imagine how these documents can be excluded. If the documents are unreliable, for one reason or another, it is the job of Lupescu's counsel to show that on cross-examination of the persons who relied on the documents. Lupescu's statement that these documents are being offered for the truth of what they assert is wrong; Lupescu is entitled to an instruction informing the jury of the limited purpose for which these documents may be considered. But Lupescu has not suggested how the court can exclude evidence which the TSA says it relied on in terminating Lupescu.

Lupescu's argument that the documents are hearsay is not well-taken.

Lupescu makes a new argument in his reply brief – that the documents were not included in his personnel file and therefore must be excluded as a matter of law. Since Lupescu mentioned this issue but did not argue it in his opening brief, the court will not find the TSA to have waived it. Under relevant law, the waiver, if any, is Lupescu's. In any event, the court will not attempt to rule on this issue, which Lupescu did not adequately argue in his motion and to which the TSA did not respond. If Lupescu wants to make a separate motion on this point, he may, although it is difficult for the court to see how any evidence the TSA proves was relied on in deciding to terminate Lupescu can be excluded from this trial.

Except with respect to the argument about the absence of the records of conduct from Lupescu's personnel file, which the court reserves until it is properly presented, the motion is denied.

### N. Plaintiff's Motion *In Limine* #14 to Bar Introduction of Entire Disciplinary Files

For his fourteenth motion *in limine*, Lupescu seeks to exclude introduction of disciplinary files in their entirety. Lupescu complains that the TSA previously argued that the rule of

completeness required Lupescu to submit the disciplinary files in their entirety so that the TSA could "pull from" them. Lupescu argues that the law does not require as much and, in any event, the majority of the documents in the disciplinary files are irrelevant and many contain inadmissible hearsay. Both parties complain that the other has failed to identify what pages of the disciplinary files are actually needed for trial. The TSA complains it has yet to pare down the files, that Lupescu cherry-picked which parts of the file to present to the jury, and that it must be allowed to supplement these documents to give the jury a more accurate understanding of the files.

Here, Lupescu attempts to blame the TSA for a ruling that was necessitated by Lupescu's failure to give adequate notice of certain aspects of his case. This time, the parties have plenty of time to pare down these records to the relevant documents.

The motion is granted. Lupescu must give the TSA notice of what documents Lupescu intends to introduce or otherwise rely on. The TSA must then have an opportunity to counter-designate. The court can then make more informed Rule 106 rulings than was possible at the first trial when, even as Lupescu was presenting his evidence, it was unclear what documents from the personnel files he was relying on.

Lupescu is clearly correct that the entire file for each employee is not admissible. But Lupescu must designate first, allowing the TSA adequate time to counterdesignate. The parties should address themselves to this task.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 6, 2011