# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4821 | **DATE** | 4/6/2011 |
| **CASE TITLE** | Lupescu vs. Napolitano | | |

**DOCKET ENTRY TEXT**

The defendant's motion for finding of rebuttal comparators [267] is denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Today, a day after the pretrial conference and almost a month after motions *in limine* were due[1], the defendants submitted this motion, which asks the court to allow them to present evidence of six additional comparators since the defendant is unhappy with the court's decision to allow the plaintiff to present evidence of the same eight comparators allowed for the first trial.  As the defendant is well aware, whether multiple comparators are admissible "is appropriately decided as a matter *in limine*." (Doc. 137 (citing *Keene v. Sears, Roebuck & Co., Inc.*, 2007 WL 2572366, at *2-3 (D. N.J. Sept. 4, 2007) (deciding the admissibility of evidence relating to comparators; *Gage v. Metro. Water Reclamation Dist. of Greater Chi.*, 365 F. Supp. 2d 919, 934-35 (N.D. Ill. 2005) (same), and *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 382-88 (2008) (vacating and remanding a Tenth Circuit ruling that the district court's decision *in limine* to exclude comparator evidence was erroneous, and noting in addition that such issues are intensively fact-based and thus subject to Rules of Evidence 401 and 403)).  Despite this, the defendant's belated motion fails to include anything other than the names and races of the six former TSA employees they propose to present as comparators.  This is not enough.  As the court has previously informed the parties, "Seventh Circuit law makes clear that before comparator evidence can be considered, a plaintiff must show that 'the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'"  (Doc. 137 (quoting *Weber v. Univs. Research Ass'n, Inc.*, ___ F.3d ___, 2010 WL 3431629, at *5 (7th Cir. Sept. 2, 2010), and citing *Dear v. Shinseki*, 578 F.3d 605, 610 (7th Cir. 2009) ("In deciding whether someone is comparable . . . , we consider all relevant factors, including whether the employee (1) held the same job description; (2) was subject to the same standards; (3) was subordinate to the same supervisor; and (4) had comparable experience, education, and other qualifications . . . .  It is the plaintiff's burden to put forth evidence of employees outside of the protected class who might have been treated differently . . . ."))).  The defendant would also need to make such a showing to enable the court to evaluate its proposed comparators.  Since the defendant has failed to do so, the motion is denied.

## STATEMENT

Furthermore, to the extent that the defendant is impliedly moving the court to reconsider its decision to admit the plaintiff's comparators, the court declines to do so. The defendant's argument in this regard is superficial, fails to cite to any case law, and is woefully inadequate to justify reconsideration. Accordingly, the defendants' objection to the plaintiff's comparators is overruled.

---

[1] *See* Doc. 193 (ordering that motions *in limine* were due on March 7, 2011).