# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN P. LUPESCU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 4821 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JANET NAPOLITANO, Secretary, United States Department of Homeland Security, Transportation Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Before the court are the parties' cross-objections to each other's proposed jury instruction regarding the causation element required under Title VII, as amended by the Civil Rights Act of 1991.

### I. BACKGROUND

Norman Lupescu, a white man, brought this employment discrimination case against his former employer, the Transportation Security Administration (the "TSA"), alleging that the TSA discriminated against him based on his race when it fired him. For a more complete description of the underlying facts of this Title VII employment discrimination case, see the court's prior opinions. *See*, *e.g.*, *Lupescu v. Napolitano*, 700 F. Supp. 2d 962 (N.D. Ill. 2010).

The parties dispute which jury instruction should be given regarding the causation element required under Title VII, as amended by the Civil Rights Act of 1991. Lupescu proposes the following instruction:

> Norman Lupescu claims that he was terminated by TSA because of his race. To succeed on this claim, Mr. Lupescu must prove by a preponderance of

>the evidence that his race was a motivating factor in TSA's decision to terminate his employment.
>
>As used in these instructions, an unlawful employment practice is established when Mr. Lupescu demonstrates that race was a motivating factor in TSA's decision to terminate him, even though other factors also motivated his termination.
>
>If you find that Mr. Lupescu has proved this claim by a preponderance of the evidence, then you must find for Mr. Lupescu. However, if you find that Mr. Lupescu did not prove this claim by a preponderance of the evidence, then you must find for TSA.

(Pl.'s Proposed Instruction No. 4.) The TSA objects to this instruction, arguing that it is an inconsistent statement of the law and is inconsistent with Seventh Circuit Pattern Civil Jury Instruction No. ("Pattern Instruction") 7.01. However, Pattern Instruction 7.01 pertains to whether a police department or a municipality is a party, so, since it is undisputed that neither are involved here, this must be an error. *See Federal Civil Jury Instructions of the Seventh Circuit* 7.01 (2009). Since the TSA has consistently argued for the use of Pattern Instruction 3.01, the court concludes that this is what the TSA must have intended to assert here. In any event, Lupescu replies that his instruction is consistent with the plain language of Title VII and with the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, --- U.S. ----, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). In addition, Lupescu points out that this court gave this instruction at the last trial.

The TSA would like the court to give the instruction set forth in the main text of Pattern Instruction 3.01[1], except that the TSA substituted the parties' names and other appropriate details

---

[1] Pattern Instruction 3.01 is entitled "General Employment Discrimination Instructions" and reads: "Plaintiff claims that he was [*adverse employment action*] by Defendant because of [*protected class*]. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that he was [*adverse employment action*] by Defendant because of his [*protected class*]. To determine that Plaintiff was [*adverse employment action*] because of his [*protected class*], you must decide that Defendant would not have [*adverse employment action*] Plaintiff had he been [*outside protected class*] but everything else had been the same. If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this

for placeholders (e.g. "Plaintiff," "Defendant," "[*adverse employment action*]")). The TSA's proposed instruction reads as follows:

> Norman Lupescu claims that he was terminated by TSA because of his race. To succeed on this claim, Norman Lupescu must prove by a preponderance of the evidence that he was terminated by TSA because of his race.
> To determine that Norman Lupescu was terminated because of his race, you must decide that TSA would not have terminated Norman Lupescu had he been a different race but everything else had been the same.
> If you find that Norman Lupescu has proved this by a preponderance of the evidence, then you must find for Norman Lupescu. However, if you find that Norman Lupescu did not prove this by a preponderance of the evidence, then you find for TSA.

(Def.'s Proposed Instruction C.) Lupescu objects to this instruction, arguing that: (1) the court rejected this instruction in the last trial, and (2) the "because of" language would confuse the jury by "suggest[ing] that it could only find for [Lupescu] if he proved that discrimination was the sole or primary reason he was fired." (Pl.'s Objection to Def.'s Proposed Instruction C (citing *Olson v. New York*, 2009 WL 690236 (2d Cir. 2009), and *Gross*, 129 S. Ct. at 2349)).

## II. LEGAL STANDARD

"[D]istrict courts are best advised to rely on the statutory language in framing jury instructions." *Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 738 (7th Cir. 2005) (citing *Akrabawi v. Carnes Co.*, 152 F.3d 688, 694 (7th Cir. 1998)). "Nonetheless, jury instructions need not be perfect." *Id.* (citing *Schobert v. Ill. Dep't of Transp.*, 304 F.3d 725, 730 (7th Cir. 2002)). The Seventh Circuit gives district courts "substantial discretion with respect to the precise wording of jury instructions so long as the final result, read as a whole, completely and correctly states the law." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). "Good

---

by a preponderance of the evidence, then you must find for Defendant." *Federal Civil Jury Instructions of the Seventh Circuit* 3.01 (2009).

3

instructions use simple words in short, concrete sentences." *Gehring v. Case Corp.*, 43 F.3d 340, 344 (7th Cir. 1994) (citing Federal Judicial Center, Pattern Criminal Jury Instructions (1987) (including an appendix of suggestions for making instructions more understandable)).

### III.  ANALYSIS

Lupescu argues that, in light of *Gross*, the instruction set forth in the main text of Pattern Instruction 3.01 does not accurately state the law. According to Lupescu, "The Seventh Circuit has been unsure since . . . *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94[-95, 123 S. Ct. 2148, 156 L. Ed. 2d 84] (2003) . . . as to the proper use of a motivating factor instruction." (Pl.'s Objection to Def.'s Proposed Instruction C.) Lupescu argues that the "*Gross* decision clears up any confusion by confirming that in Title VII race discrimination cases, the plaintiff's burden is to demonstrate that race was a motivating factor in the adverse employment decision, because Congress specifically amended the statute to state as such." (*Id.*) Lupescu contends that the "because of" language improperly gives the jury the impression that race had to be a but-for factor rather than "a motivating factor." The TSA disagrees, arguing, without further elaboration, that the "a motivating factor" language improperly states the law and that the court should give the instruction laid out in the main text of Pattern Instruction 3.01.

In *Gross*, the Supreme Court said, "[A]s we explained in *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94-95, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003), [after *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989), was decided,] Congress [] amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment decision." *Gross*, 129 S. Ct. at 2349 (internal citations omitted). Indeed, "Congress amended Title VII in 1991 to allow for

4

liability if a plaintiff proves that her gender (or other protected class) was a 'motivating factor' for a defendant's adverse action." *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 437-38 (7th Cir. 2009) (citing 42 U.S.C. § 2000e-5(g)(2)(B) (2009)).

"The courts have developed instructions reflecting the amendment, advising juries that if a plaintiff proves that gender was a motivating factor, but the defendant shows it would have taken the adverse action anyway, then it must find the defendant liable but cannot award damages."[2] *Lewis*, 590 F.3d at 438 (citing *Federal Civil Jury Instructions of the Seventh Circuit* 3.01, cmts. b & c). However, the Seventh Circuit "has yet to decide when it is appropriate to apply a motivating factor instruction." *Id.; see Federal Civil Jury Instructions of the Seventh Circuit* 3.01, cmt. c, ¶ 3 (2009) (noting, "Without clear guidance in the circuit case law, the Committee cannot offer assistance in determining when a 'mixed motive' instruction is appropriate.")

In the comments to Pattern Instruction 3.01, the Advisory Committee noted, "The Committee drafted these instructions with the understanding that the 'motivating factor' language" – including the "contributing to" language Lupescu suggests – "is appropriate in mixed motive cases . . . . However, the Committee assumed the continuing viability of the *Gehring* approach in non-mixed motive cases in the Seventh Circuit." *Federal Civil Jury*

---

[2] "A mixed-motive instruction, by definition, follows a prior instruction that permits a plaintiff to establish liability merely by showing that the improper consideration was a 'motivating factor' of the defendant's contested action." *Serafinn v. Local 722, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 597 F.3d 908, 914 (7th Cir. 2010) (citing *Federal Civil Jury Instructions of the Seventh Circuit* 3.01 (2008), cmt. c; *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 236-37, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); and *Gooden v. Neal*, 17 F.3d 925, 928 (7th Cir. 1994)). "A mixed-motive instruction then permits the defendant to limit its liability if it can prove that it would have taken the contested action regardless of the improper consideration." *Id.* (citing *Mt. Healthy*, 429 U.S. at 287).

*Instructions of the Seventh Circuit* 3.01, cmt. b ¶ 3 (2009). In *Gehring v. Case Corp.*, 43 F.3d 340 (7th Cir. 1994), the Seventh Circuit approved the following jury instruction language in an Age Discrimination in Employment Act ("ADEA") case: "You must decide whether the employer would have fired [demoted, laid off] the employee if the employee had been younger than 40 and everything else had remained the same." *Id.* at 344.

Interestingly, the *Gehring* court apparently thought that the jury instruction it suggested was sufficient to address mixed motive cases.[3] In *Gehring*, the jury asked the district judge what it meant for age to be the "determining factor": did it mean that it was "the only determining factor" or one of several determining factors. *Id*. at 343-44 (disapproving of the term "determining factor."). The jury essentially wanted to know if there could be more than one motivating factor or if age had to be the only factor that motivated the employer to fire the employee. The *Gehring* court recommended an instruction that reads, "You must decide whether the employer would have fired [demoted, laid off] the employee if the employee had been younger than 40 and everything else had remained the same." *Id*. at 344. The *Gehring* court believed that this instruction "tells the jury what to do if it finds that the employer took more than one thing into account." *Id*.

Indeed, the Seventh Circuit has recently suggested that the instruction set forth in the main body of Pattern Instruction 3.01 continues to accurately state the law. In *Schandelmeier-Bartels v. Chicago Park District*, Nos. 09-3286, 09-3468, --- F.3d ----, 2011 WL 383021 (7th Cir. Feb. 8, 2011), the Seventh Circuit, without mentioning *Gross*, concluded, "The district court gave the appropriate standard instruction here: 'To determine that Ms. Schandelmeier-Bartels

---

[3] Curiously, the Advisory Committee concluded that *Gehring* "did not address a mixed motive issue." *See Federal Civil Jury Instructions of the Seventh Circuit* 3.01 cmt. c.

6

was terminated because of her race, you must decide that the Park District would not have terminated Ms. Schandelmeier-Bartels had she been non-Caucasian but everything else about Ms. Schandelmeier-Bartels had been the same.'" *Id.* at *5. Lupescu argues that *Schandelmeier-Bartels* is distinguishable because Ms. Schandelmeier-Bartels was proceeding on a "cat's paw" theory[4], under which the juries are permitted "to draw an inference that another employee's impermissible bias infected a decision when a plaintiff is able to show that the biased employee had some degree of influence over the ultimate decision." *Schandelmeier-Bartels*, 634 F.3d at 379. This court is not persuaded that this distinction makes a difference. Thus, although the court is not unsympathetic to Lupescu's argument that the pattern instruction could be clearer, the Seventh Circuit has approved of the instruction set forth in the main text of Pattern Instruction 3.01.[5]

On the other hand, contrary to the TSA's argument, the "a motivating factor" language also accurately states the law. Lupescu's instruction uses language approved by the Seventh Circuit in *Boyd v. Illinois State Police*, 384 F.3d 888, 895 (7th Cir. 2004), as well as some of the language set forth by the Advisory Committee in Comment C of Pattern Instruction 3.01 for use in mixed motive cases. *See Boyd*, 384 F.3d at 895 (stating that the following instruction accurately stated the law: "[R]ace was a motivating factor if the racial composition of the

---

[4] "The name is based on an old fable in which a scheming monkey convinces an unwitting cat to fetch roasting chestnuts from a fire. The cat burns its paw and the monkey gets the chestnuts. In employment discrimination cases, the 'cat's paw' is the unwitting manager or supervisor who is persuaded to act based on another's illegal bias." *Schandelmeier-Bartels*, 634 F.3d at 379 (citing "The Monkey and the Cat" by Jean de La Fontaine (1621-1695)).

[5] To this court, Pattern Instruction 3.01 is susceptible to the interpretation that the plaintiff in a race discrimination case must prove but-for causation, which is clearly inconsistent with the 1991 Title VII amendment and with the Supreme Court's reading of that amendment in *Gross*. Because, however, the Seventh Circuit in *Schandelmeier-Bartels* approved the use of the pattern instruction, this court has resolved this issue by means of a different analysis.

7

plaintiff group played a part or a role in the defendant's salary determination to set plaintiffs's [sic] salaries. However, the racial composition of plaintiff group need not have been the only reason for defendant's salary determination."); *Federal Civil Jury Instructions of the Seventh Circuit* 3.01, cmt. c (2009) (stating that the following language should be used in mixed motive cases: "Plaintiff must prove by a preponderance of the evidence that his [protected class] was a motivating factor in Defendant's decision to [adverse employment action] him. A motivating factor is something that contributed to Defendant's decision. If you find that the Plaintiff has proved that his [protected class] contributed to Defendant's decision to [adverse employment action] him, you must then decide whether Defendant proved by a preponderance of the evidence that it would have [adverse employment action] him even if Plaintiff was not [protected class]. If so, you must enter a verdict for the Plaintiff but you may not award him damages.").

The Seventh Circuit has explicitly approved the "a motivating factor" language. In *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344 (7th Cir. 1995), Patricia Hennessy sued her former employer, Penril Datacomm Networks, Inc. ("Penril"), for gender and pregnancy discrimination after Penril fired her. Hennessy appears to have been a model employee who did not receive any criticism until she became visibly pregnant, and even then, the criticism appeared to be a pretext intended to mask the fact that she was actually being terminated because of her pregnancy. The district court gave the jury the following instruction:

> [A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

*Id.* at 1350. The defendant appealed, arguing, among other things, that the district court improperly instructed the jury. *Id.* at 1349. The Seventh Circuit held that the district court did

8

not err in giving this instruction. *Id.* at 1350-51 ("We believe the trial court properly instructed the jury regarding the causation element required under Title VII, as amended by the 1991 Act.").

The Seventh Circuit reasoned that "[a] violation of Title VII is established if a plaintiff can prove by a preponderance of the evidence that discrimination was a motivating factor in the employment decision." *Id.* at 1350 (citing 42 U.S.C. § 2000e-2(m)). "If the employer proves that it would have made the same decision 'in the absence of the impermissible motivating factor,' *see* 42 U.S.C. § 2000e-5(g)(2)(B), it is not absolved of violating Title VII, for such a finding only serves to limit the plaintiff's remedies to declaratory and injunctive relief and limited attorney's fees and costs, *see* 42 U.S.C. § 2000e-5(g)(2)(B)(ii)." *Id.* Thus, the Seventh Circuit concluded that "whether Ms. Hennessy's sex was a motivating factor in Penril's decision to fire her was the dispositive issue." *Id.* at 1351. Therefore, "[t]he instructions were sufficient to correctly inform the jury of the applicable law." *Id.*; *see Hernandez*, 418 F.3d at 739 (approving the district court's use of a mixed motive instruction that used the "a motivating factor" language).

Having established that the court may use either instruction without violating the law of this Circuit[6], the parties' quarrel boils down to which instruction is more appropriate for this case – the standard instruction or the mixed-motive instruction, a topic on which the Seventh Circuit has provided little to no guidance. The government previously argued that since Lupescu agreed at the pretrial conference for the previous trial that this is not a mixed motive case, the

---

[6] Indeed, "more than one formulation of a jury instruction may be appropriate, and therefore, the fact that the Supreme Court approved one version . . . does not mean that all other formulations are improper." *Hernandez*, 418 F.3d at 739.

9

"motivating factor" language is inappropriate. However, a party cannot be held to their characterization of their case in an off-hand comment made at a pretrial conference. It is unclear whether Lupescu contends that his is a mixed motive case. Rather, it seems that Lupescu contends that, practically speaking, all Title VII cases are mixed-motive cases since employers will always point to some alleged deficiency in the employee's performance as a pretext to justify the adverse employment action and, in any event, the statutory language is clear that but-for causation is not required; rather, all that is required is that the prohibited criterion – here, race – be "a motivating factor."

In *Hennessy*, the Seventh Circuit approved the use of a mixed motive instruction even though Penril did not "prove that it would have terminated Hennessy for valid reasons even though discrimination was also present" or "submit a proposed verdict question containing a 'but for' inquiry for the jury." *Hennessy*, 69 F.3d at 1351. It appears that Hennessy's employer failed to prove that it had valid reasons to fire her so that *Hennessy* may not have been a mixed motive case. Given this, it seems that the Seventh Circuit approved the use of the "a motivating factor" language even for a non-mixed motive case.

In contrast, the concurring opinion in *Boyd* suggests that a mixed motive instruction is appropriate when the defendant mounts a mixed-motive defense. "The concurring opinion in *Boyd v. Illinois State Police*, 384 F.3d 888, 901 (7th Cir. 2004) (Posner, J., concurring), suggests that if a defendant decides to put on the mixed-motive defense, then a mixed-motive instruction is appropriate." *Lewis*, 590 F.3d at 438 n.2. "The opinion goes on to posit that if the defendant argues the only reason for the adverse action was for a non-discriminatory reason, then he is

'going for broke' by aiming for a complete defense, and so no mixed-motive instruction should be used." *Id.*

Interestingly, at the summary judgment stage in *Schandelmeier-Bartels*, the district court said that the "pattern instruction for mixed motive employment decisions . . . may be more appropriate for [Ms. Schandelmeier-Bartels'] case." *Schandelmeier-Bartels v. Chi. Park Dist.*, No. 07 C 922, 2008 WL 4855649, at *4 n.2 (N.D. Ill. Nov. 7, 2008). Indeed, as the TSA alleges is the case with Lupescu, Ms. Schandelmeier-Bartels did not appear to be meeting her employer's expectations. Also, like Lupescu, Ms. Schandelmeier-Bartels alleged that she was terminated because of her race. Both cases appear to lend themselves to a mixed-motive instruction. *See Menchaca v. Am. Med. Resp. of Ill., Inc.*, No. 98 C 547, 2002 WL 48073, at *2 (N.D. Ill., Jan. 14, 2002) ("[I]t is also conceivable that the jury could have seen this as a mixed-motive case (AMRI argued that it had good cause to terminate Menchaca; Menchaca argued that similarly situated male managers were treated more leniently)."). Yet, the Seventh Circuit approved the use of the standard instruction in *Schandelmeier-Bartels*, suggesting that the standard instruction *can* also be used here despite the mixed motive features of Lupescu's case, although there is no indication that it *must* be used (indeed, that issue was not before the court).

At least one district court appears to have followed the *Boyd* concurring opinion's approach, declining to use the mixed motive instruction where the defendant had not asserted a mixed motive defense or admitted to being motivated by gender. In *Lewis v. City of Chi.*, 563 F. Supp. 2d 905, 912 (N.D. Ill. 2008), the court declined to grant the plaintiff a new trial in part because it found that the jury instructions given were not erroneous – the court had declined to give a mixed-motive instruction, reasoning that the defendants never asserted a mixed motive

11

defense and had not admitted that "the decision to deny Plaintiff's request to participate in the IMF detail was motivated in part by gender," and, in any event, it seemed that the plaintiff had abandoned her quest for a mixed motive instruction. *Id*. at 912. Similarly, here, the TSA has not set forth a mixed motive defense, nor has it admitted to being motivated by Lupescu's race.

"In any event, the statute does not say, and the Seventh Circuit has not suggested, that a plaintiff's causation burden should be described differently depending on the trial court's view of the 'type' of case the plaintiff has." *Menchaca*, 2002 WL 48073, at *2. However, this does not necessarily mean that a plaintiff's causation burden should be described in "but-for" terms rather than in mixed motive terms.

## IV.    CONCLUSION

For the foregoing reasons, The TSA's objections to Lupescu's proposed jury instruction No. 4 are overruled. In addition, Lupescu's objection to the TSA's proposed jury instruction C is overruled. Given the evidence, the jury may conclude that Lupescu's is a case in which race was one of several factors that led the TSA to terminate him. Accordingly, the court will use Lupescu's instruction, modified as follows (additions in italics; deletions stricken):

> Norman Lupescu claims that he was terminated by *the* TSA because of his race. To succeed on this claim, Mr. Lupescu must prove by a preponderance of the evidence that his race was a motivating factor in *the* TSA's decision to terminate his employment.
> As used in these instructions, an unlawful employment practice is established when Mr. Lupescu demonstrates that race was a motivating factor in *the* TSA's decision to terminate him, even though other factors also motivated his termination.
> If you find that Mr. Lupescu has proved this claim by a preponderance of the evidence, then you must ~~find~~ *enter a verdict* for Mr. Lupescu. However, if you find that Mr. Lupescu did not prove this claim by a preponderance of the evidence, then you must ~~find~~ *enter a verdict* for TSA.
> *If you enter a verdict for Mr. Lupescu, you must then decide whether the TSA proved by a preponderance of the evidence that it would have terminated Mr.*

12

> *Lupescu even if he was not white. If so, although you entered a verdict for Mr. Lupescu, you may not award him damages.*

*See Lewis*, 590 F.3d at 438 ("The problem with [the plaintiff's proposed instruction] is that it leaves out the very significant second sentence suggested by Comment C of the Pattern Instructions, the one that tells the jury what to do if it finds gender to be a motivating factor. Namely, the jury would have to decide whether the Defendants proved that they would have taken the same action even if Lewis was a man, and if so, enter a verdict for Lewis but not award damages.").

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 13, 2011