IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMAN LUPESCU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 4821 |
| ) | |
| JANET NAPOLITANO, Secretary ) | |
| of United States Department ) | |
| of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

  A jury found in favor of plaintiff Norman Lupescu on his Title VII claim of race discrimination against defendant Janet Napolitano and awarded him $300,000 in compensatory damages. Lupescu worked for the Transportation Security Administration, which is part of the Department of Homeland Security. The Court will refer to the defendant as TSA.

  TSA has filed a motion that is entitled – not quite correctly – as a motion for judgment as a matter of law (JMOL). She makes four arguments: (1) there was insufficient evidence that race played any role in Lupescu's termination; (2) the Court erroneously gave the jury a "cat's paw" instruction; (3) the Court improperly admitted evidence regarding how the TSA treated certain other employees; and (4) the jury's damage award was excessive. Only argument 1 would provide a basis for entry of JMOL in TSA's favor. Arguments 2 and 3, if successful, would lead only to a new trial,

not entry of judgment for TSA. Argument 4, if successful, would lead to an order of remittitur, which if not accepted by Lupescu would in turn lead to a new trial.

The Court rejects Lupescu's argument that the motion is untimely. The motion was filed within twenty-eight days after judgment was entered on the docket. This makes TSA's motion timely under Rules 50(b) (concerning JMOL motions) and 59(b) (concerning motions for a new trial).

1. **Sufficiency of evidence of discrimination**

The Court deals first with TSA's argument that there was insufficient evidence to prove race discrimination. The Court may grant judgment as a matter of law when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party." Fed. R. Civ. P. 50(a)(1); *see Thomas v. Cook County Sheriff's Dep't,* 604 F.3d 293, 300–01 (7th Cir. 2009). The Court "do[es] not weigh evidence or assess the credibility of witnesses. Instead, [it] draw[s] all reasonable inferences in favor of the nonmoving party." *Thomas,* 604 F.3d at 300–01 (citations omitted).

After trial, a party can move for judgment as a matter of law only on issues it raised before submission of the case to the jury. Fed. R. Civ. P. 50(b). A Rule 50(b) motion for judgment as a matter of law "is only a renewal of the preverdict motion, [and] can be granted only on grounds advanced in the preverdict motion." *Wallace v. McGlothan*, 606 F.3d 410, 418 (7th Cir.2010) (internal quotation marks omitted).

> The earlier [preverdict] motion informs the opposing party of the challenge
> to the sufficiency of the evidence and affords a clear opportunity to provide
> additional evidence that may be available. The earlier motion also alerts
> the court to the opportunity to simplify the trial by resolving some issues,
> or even all issues, without submission to the jury.

Fed. R. Civ. P. 50, advisory committee note, 2006 amendment.

TSA's Rule 50(b) motion at trial, in its entirety, was as follows:

> The defendant moves, under Rule 50, the plaintiff has not shown that he was terminated because of his race. Running through comparators, a document with a witness who has never seen this document, doesn't make it a but for that he was terminated because of his race, and we renew our motion that the comparators were improper. Most of them were not on the same shift, they weren't the same supervisor, did not receive differential treatment.

Pl.'s Resp. to Def.'s Mot. for Judg. as a Matter of Law, Ex. A (trial transcript excerpt). TSA's current motion extends beyond this: TSA argues that Lupescu failed to meet what it characterizes as a higher burden that applies when a person claims he was discriminated against because he is Caucasian. This argument is forfeited as a basis for post-judgment Rule 50(b) relief, because TSA did not make it in its pre-judgment motion.

Even if not forfeited, however, TSA's argument lacks merit. The argument is based on Lupescu's purported failure to establish a *prima facie* case of discrimination. As the Seventh Circuit has stated, however, at this stage of the case such an argument "is irrelevant because . . . once a case reaches trial, the *McDonnell Douglas* burden shifting framework should no longer be considered." *Hossack v. Floor Covering Assocs. of Joliet, Inc.*, 492 F.3d 853, 861 (7th Cir. 2007).

TSA's argument also fails for a separate reason. At trial, the jury was not given an instruction that Lupescu, as a Caucasian, had to shoulder any sort of advanced burden of proof. Rather, it was instructed as follows:

> To succeed on his claim, Mr. Lupescu must prove by a preponderance of the evidence that the TSA terminated him because of his race. This means that Mr. Lupescu must show that it is more likely than not the TSA would not have terminated him if he had not been Caucasian, but everything else was the same.

3

Jury Instructions at 13 (dkt. no. 311). TSA did not object to this particular instruction. It has therefore forfeited any contention that Lupescu should lose because the evidence did not meet some higher standard of proof.

In any event, the evidence, viewed in the light most favorable to Lupescu, was sufficient to permit a jury to find that he was treated worse than other similarly situated non-Caucasian employees due to his race. The jury was entitled to draw this inference from the comparative and other evidence that Lupescu offered at trial.

**2.      Comparator evidence**

TSA also challenges the admission of evidence regarding how other allegedly similarly situated non-Caucasian employees were treated. An erroneous evidence ruling requires a new trial only if the losing party was prejudiced by the error. *E.g., Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 868 (7th Cir. 2005).

The Court declines to order a new trial on this basis. The other employees and their situations were sufficiently comparable to make the evidence about their treatment relevant and admissible. TSA's objections might affect the weight to be given to this evidence, but they do not affect its admissibility. The standard for admissibility of "comparator" evidence has flexibility, and it does not require an exact match. The test is comparability, not identity. *See generally Good v. Univ. of Chicago Med. Ctr.*, 673 F.3d 670, 675-76 (7th Cir. 2012). The differences cited by TSA are not "so significant that they render[ed] the comparison[s] effectively useless." *Id.* at 675 (internal quotation marks omitted).

**3.      Cat's paw instruction**

TSA also challenges the following instruction that was given to the jury:

4

> An employer may be held liable for discriminatory termination of an employee based on the discriminatory intent of a supervisor who influenced, but did not make, the ultimate employment decision, if the supervisor performed an act motivated by discriminatory intent, and the act was intended to cause, and did cause, the employee's termination.

Jury Instructions at 13 (dkt. no. 311). "[The Court] construe[s] jury instructions in their entirety in order to determine whether as a whole the instructions were sufficient to inform the jury correctly of the applicable law." *Lasley v. Moss*, 500 F.3d 586, 589 (7th Cir. 2007). "[T]he issued instructions must be correct legal statements and must convey the relevant legal principles in full." *Id.* A new trial is appropriate only if the instructions had a legal error and that error was "likely [to] confuse or mislead the jury and prejudice the objecting litigant." *Javier v. City of Milwaukee*, 670 F.3d 823, 828 (7th Cir. 2012).

There is no question that this instruction was a correct statement of the law; TSA does not argue otherwise. Rather, its argument is that the instruction did not properly apply in this case. The Court disagrees, for the reasons cited by Lupescu in his response to TSA's motion, specifically, the influence of Kevin Laurent in Lupescu's termination. TSA argued at trial that Laurent did not have the power to terminate Lupescu, and this made the challenged instruction appropriate. In any event, the instruction was in no way prejudicial to TSA: the jury could not possibly have been confused by the instruction, given the clear and unequivocal instruction that Lupescu had to prove that TSA terminated him because of his race.

**4.    Damage award**

The Court defers consideration of TSA's argument that the damages the jury awarded were excessive, warranting a remittitur or a new trial. The Court will consider that argument in conjunction with the remaining proceedings in the case, which involve

5

Lupescu's request for an award of back pay and his request for reinstatement or alternatively for front pay.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for judgment as a matter of law and also denies defendant's request for a new trial, with the exception of defendant's argument that the damage award was excessive, which the Court takes under advisement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 25, 2012